IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                        CRIMINAL NO. 17-50070

INGRID GARCIA                                                         DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is the Defendant's pro se **"Motion Requesting the Assistance of This Court in Forwarding This Request to the Attorney General for Use of Earned Time Credits Pursuant to the First Step Act of 2018." (Doc. 30.)** The undersigned, being well and sufficiently advised, finds and recommends as follows:

The Defendant pled guilty to the offense of distributing more than 50 grams or more of actual methamphetamine and, on May 10, 2018, she was sentenced to 120 months imprisonment, five years supervised release, a $1,400.00 fine, and a $100.00 special assessment. (Docs. 19, 28.) At the time of sentencing, the Defendant, who is a native of Mexico, was a legal permanent resident of the United States but the Judgment noted the possibility that the Defendant might be deported. In the Motion currently before the Court, the Defendant states that she "is a deportable alien" and she seeks the Court's assistance in being granted "earned time credits pursuant to the First Step Act (FSA) of 2018." (Doc. 30 at pgs. 1-2.)

Prisoners may complete certain programs to earn time credits and to apply those credits toward prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4). However, a prisoner

who is the subject of a final order of removal under immigration laws is ineligible to apply the time credits. 18 U.S.C. § 3632(d)(4)(E). Additionally, the Attorney General and Secretary of Homeland Security are directed to ensure that inadmissible and deportable aliens who seek to earn time credits are subject to expedited removal proceedings. Id.

It is not clear whether the Defendant is the subject of a final order of removal such that she is ineligible for time credits or whether she simply concedes being a deportable alien, such that she may be subject to expedited removal proceedings. In either event, this Court is without jurisdiction to assist her in obtaining time credits. A request for such credits must be made, in the first instance, through the Bureau of Prisons ("BOP") and BOP administrative procedures must be exhausted. Once the Defendant has exhausted her administrative remedies, she may then seek judicial review of any time credit determination by the BOP by filing a habeas petition under 28 U.S.C. § 2241 in either the district where she is confined (the Northern District of Alabama), in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office. See United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004); United States v. Chappel, 208 F.3d 1069, 1070 (8th Cir. 2000); United States v. Ramirez, No. 13-10140-02-JWB, 2020 WL 263582 (D. Kan. Jan. 17, 2020).

Accordingly, the undersigned recommends **DENYING and DISMISSING Defendant's Motion (Doc. 30) for lack of jurisdiction**.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 23rd day of March, 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)